*1057
 
 OPINION
 

 COATS, Chief Judge.
 

 The State charged Damyan Riggins with assault in the second degree, a class B felony, for striking his girlfriend Melinda Berkeen in the face with a dangerous instrument-a telephone.
 
 [1]
 
 At trial, Riggins admitted hitting Berkeen with his fist, but denied that he had hit her with the telephone. Riggins's defense, therefore, was that he had committed a misdemeanor assault, not an assault with a dangerous instrument, which is a felony. At Riggins's trial, the State admitted evidence that Rig-gins had committed prior assaults on Ber-keen. The State also admitted evidence that Riggins had previously committed several assaults on a prior girlfriend, and, on two other occasions, had been convicted of assaults on prior girifriends. Riggins argues on appeal that the trial judge erred in admitting this evidence over his objection. We conclude that the trial judge did not err in admitting evidence of Riggins's prior assaults on Berkeen. But we conclude that the trial judge abused his discretion in admitting evidence of Riggins's other prior domestic assaults.
 

 Factual background
 

 Riggins assaulted his girlfriend, Melinda Berkeen, on March 81, 2008. Apparently Riggins and Berkeen were alone at the time of the assault. Frank Wolaver went to Berkeen's residence shortly after he received a telephone call from Berkeen's uncle. The uncle asked Wolaver to check on Berkeen. When Wolaver arrived at Berkeen's residence less than five minutes later, he saw that Berkeen "had been beat up." Wolaver testified that Berkeen's "left eye was completely closed." Berkeen told Wolaver that Riggins had repeatedly hit her in the face with a telephone.
 

 Neighbor Elaine Carpenter testified that she received a telephone call from Wolaver and arrived at Berkeen's residence approximately five minutes after the telephone call. Carpenter testified that Berkeen's left eye was swollen shut. She stated that Berkeen was very distressed and fearful that Riggins was going to return. Berkeen told Carpenter that Riggins had repeatedly hit her with the telephone. Berkeen made similar statements to a paramedic who treated her at her residence, and a state trooper who talked to her at the hospital. Berkeen also told two doctors and a nurse at the hospital that she had been hit with a telephone.
 

 Later, at grand jury proceedings, Berkeen testified that Riggins had repeatedly hit her with a telephone. The grand jury indicted Riggins for assault in the second degree.
 

 At trial, Berkeen testified that Riggins had hit her with his hand, not the telephone. She explained her grand jury testimony by saying that she had been intoxicated when she appeared before the grand jury. She admitted that she had told numerous people that Riggins had assaulted her with the telephone. But she insisted that Riggins had only hit her with his hand. For his part, Riggins asserted that he was only guilty of a misdemeanor of assault in the fourth degree. He admitted hitting Berkeen with his fist, but denied hitting her with the telephone. The jury convicted Riggins of assault in the second degree, finding that he had hit Ber-keen with the telephone. Riggins now appeals his conviction.
 

 Judge Brown did not err in admitting evidence of Riggins's prior assaults on Ber-keen
 

 Judge Brown allowed the State, over Rig-gins's objection, to admit evidence of Rig-gins's two prior domestic assaults on Ber-keen. Specifically, the State sought to admit evidence that Riggins hit, kicked, and bit Berkeen on February 8, 2008. The State also sought to admit evidence that, a week later, Riggins threatened to kill Berkeen. Riggins had been convicted of assault in the fourth degree for the February 8 incident. And he had just been released from jail a few days prior to the present assault on Berkeen.
 

 Judge Brown ruled that this evidence was admissible under Alaska Rule of Evidence 404(b)(4) as a prior crime of domestic violence. He also ruled that the probative value
 
 *1058
 
 of the evidence outweighed the danger of unfair prejudice to Riggins. Berkeen testified at trial consistently with the State's offer of proof.
 

 Alaska Evidence Rule 404(b)(d) allows the State to introduce evidence of a defendant's prior erimes of domestic violence in a prosecution for a crime of domestic violence.
 
 [2]
 
 We extensively analyzed Evidence Rule 404(b)(4) recently in Bingaman v. State,
 
 [3]
 
 a case which was decided just after Riggins's trial. In Bingaman, we pointed out that:
 

 [in prosecutions for crimes involving domestic violence, Rule 404(b)(4) authorizes the court to admit evidence of the defendant's other acts of domestic violence even though the sole relevance of those acts is to show that the defendant characteristically commits such acts, so that the defendant's character can be taken as circumstantial evidence that the defendant acted true to character during the episode being litigated.
 
 [4]
 

 We held that, to be admissible, the evidence had to be relevant to the case and that the probative value of the evidence had to outweigh the danger of unfair prejudice
 
 [5]
 
 We stated that "[clharacter evidence has the greatest potential relevance when the defendant's past wrongdoing involves the same type of situational behavior as the current charge.
 
 [6]
 

 We also pointed out that, even if the court determines that the evidence of prior domestic violence is relevant, the court still must determine, under Evidence Rule 408, whether the probative value of the evidence is outweighed by the danger of unfair prejudice.
 
 [7]
 
 There is an inherent danger created by proving the defendant's character by evidence that he had committed specific bad acts. A court needs to consider the danger that a jury might convict a defendant based on placing too much weight on his prior convictions. And we stated that trial judges have a duty to explain their decision on the record.
 
 [8]
 
 We also explained that "the judge must instruct the jury that evidence of the defendant's other acts is never sufficient, standing alone, to justify the defendant's conviction. The jury must understand that it is the government's burden to prove beyond a reasonable doubt that the defendant committed the crime currently charged-and that this can not be done simply by showing that the defendant has committed similar acts in the past.
 
 [9]
 
 We set out certain factors for courts to consider in weighing whether evidence of a defendant's prior acts of domestic violence could be admitted under Evidence Rule 404(b)(4):
 

 1. How strong is the government's evidence that the defendant actually committed the other acts?
 

 2. What character trait do the other acts tend to prove?
 

 8. Is this character trait relevant to any material issue in the case? ...
 

 [[Image here]]
 

 4. Assuming that the offered character evidence is relevant to a material issue, how seriously disputed is this material issue? ...
 

 5. How likely is it that litigation of the defendant's other acts will require an inordinate amount of time?
 

 6. And finally, how likely is it that evidence of the defendant's other acts will lead the jury to decide the case on improper grounds, or will distract the
 
 *1059
 
 jury from the main issues in the case? [
 
 10
 
 ]
 

 When we apply these rules to Ber-keen's testimony about Riggins's prior assaults on her, we conclude that Judge Brown did not abuse his discretion in admitting this evidence. The government's evidence that Riggins committed the prior assaults was strong. Riggins had been convicted as a result of one of the prior assaults and Ber-keen, who did not appear to be hostile to Riggins, testified about the prior assaults at trial.
 

 The prior assaults were relevant to issues in the trial. The prior assaults showed Rigging's character for using violence against Berkeen and provided a motive for Berkeen to change her testimony to testify favorably for Riggins at trial. Given her history with Riggins, Berkeen might well have been afraid of him. Furthermore, the prior incidents provide a motive for Riggins to assault Berkeen. He had just been released from jail a few days before, where he had been held on a conviction for previously assaulting her. The evidence was relevant to show that Riggins might well have been angry with Berkeen because he had been convicted and jailed because of this prior incident. Admission of the evidence did not require a great amount of time and it was unlikely that the evidence would cause the jury to decide the case on improper grounds. Riggins's relationship with Berkeen was a central issue in the case.
 

 We agree with the State that the evidence of Riggins's prior domestic assaults on Ber-keen would also have been admissible under Evidence Rule 404(b)(1). Evidence Rule 404(b)(1) provides that evidence of other crimes or other bad acts is not admissible to show a person's character to commit a similar act. But the rule provides that evidence of other crimes or bad acts is admissible "for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In the present case, the evidence of Riggins's prior assaults on Berkeen was admissible for other purposes: to show his possible motive for assaulting Berkeen and to show her possible motive to testify favorably to him. We accordingly conclude that Judge Brown did not abuse his discretion in admitting the evidence of Rigging's prior assaults of Berkeen.
 

 Judge Brown erred in admitting evidence of Riggins's prior assaults on a former girlfriend
 

 Prior to trial the State also moved to admit evidence that Riggins had assaulted a former girlfriend, Amanda Tressler, on three occasions. The State sought to admit evi-denee that, in late 2001, during an argument, Riggins had thrown a chair toward Tressler. Furthermore, on February 3, 2003, Riggins had threatened Tressler and a few days later had gone to the place where Tressler worked and threatened to drag her down a flight of stairs. Riggins objected to the evidence on the ground that the incidents were not similar to Riggins's current charges and therefore the relevance of this evidence was outweighed by the danger of unfair prejudice. Judge Brown ruled that the evidence was admissible under Alaska Evidence Rule 404(b)(4) and concluded that the probative value of the evidence outweighed the danger of unfair prejudice. Tressler testified consistently with the State's offer of proof.
 

 Applying the Bingaman analysis, which we set out earlier in this decision, we conclude that Judge Brown abused his discretion in admitting the testimony of Amanda Tres-sler. It is true that the evidence that Rig-gins assaulted Tressler was strong. Tressler testified at trial and Riggins does not appear to have seriously contested that these incidents occurred. Furthermore, the State's presentation of the evidence did not require an inordinate amount of time. But the evidence of Riggins's assaults on Tressler had minimal relevance. The evidence of Rigging's assaults on Tressler did tend to prove Riggins's character to become very angry in domestic situations and to threaten violence. But the State had available much more relevant evidence to establish this character trait: Riggins's prior assaults on Berkeen. In the case at trial, Riggins admitted that he
 
 *1060
 
 had assaulted Berkeen; the central question in the trial was whether Riggins had assaulted her with the telephone. The evidence of Riggins's prior assaults on Tressler did not shed any light on this issue. The incident where Riggins threw the chair toward Tres-sler, as presented by the State prior to trial, did sound like it could possibly be relevant. If Riggins had actually attempted to strike Tressler with the chair the State might have plausibly argued that the incident demonstrated Riggins's willingness to use a dangerous instrument during a domestic dispute. But Tressler's testimony at trial was that she did not think that Riggins intended to hit her with the chair. According to Tressler, she and Riggins were living together in a small apartment when they got into an argument. During the argument, Riggins picked up the chair and threw it. Tressler testified that the chair came toward her and she dodged out of the way. Tressler testified that she believed that Riggins was just throwing the chair because he was angry and that he did not intend to throw the chair at her or intend to hit her. Under these circumstances, this incident was of questionable relevance to show Riggins's inclination to use a dangerous instrument in a domestic violence assault.
 

 The relevance of admitting Riggins's prior assaults on Tressler was therefore of minimal relevance. On the other hand, the danger of unfair prejudice from admitting the evidence of these assaults was great. The jury had already heard evidence of Riggins's prior history of assaults on Berkeen. And the jury knew that Riggins admitted that he had assaulted Berkeen in the case before them. The admission of Riggins's history of prior assaults on Tressler raised the danger that the jury might be prejudiced against Riggins because of his history of prior domestic assaults. We accordingly conclude that Judge Brown abused his discretion in admitting the evidence of Riggins's prior assaults on Tres-sler.
 

 Admission of evidence of Riggins's other prior convictions for domestic assault
 

 When cross-examining Riggins, the prosecutor asked Riggins what other girlfriends he had assaulted (besides Berkeen and Tres-sler). Riggins admitted that he had previously assaulted Stacey Holmes and Merriam Allevio. The prosecutor then asked Judge Brown to excuse the jury so that he could apply to the court to admit the evidence of these prior incidents. Out of the presence of the jury the prosecutor represented that in May of 1999 Riggins was convicted of assault in the fourth degree for assaulting Allevio. He represented, from the police report, that during the incident Riggins had become very angry and pulled the telephone out of the wall. According to the police report, Riggins had a knife in his hand during the incident. The prosecutor also represented that Riggins had been convicted of assault in the fourth degree for an incident involving Stacey Holmes in September of 1997. From the police report, the prosecutor represented that in this incident Riggins had gotten into an argument and threw Holmes's stereo against the living room wall, breaking it. He then took the telephone away from her and broke it while she was trying to call the police for help. He then knocked her down, and kicked her several times. The prosecutor indicated that he had not talked to Allevio or Holmes or to the police officers who had investigated these incidents. Riggins objected on the ground that the facts, as related by the prosecutor, seemed more consistent with a felony assault, rather than the misdemean- or assaults for which Riggins was convicted. He suggested that the police reports of the incidents were therefore probably inaccurate. Judge Brown concluded that he would allow the prosecutor to ask Riggins about the names of the people he assaulted and the fact that he had been convicted. But Judge Brown concluded that he would not allow the prosecutor to go into the details of the incidents. On resuming his eross-examination of Riggins, the prosecutor established the fact that Riggins had been convicted of assaulting Allevio and Holmes.
 

 Riggins argues that Judge Brown erred in admitting this evidence. As the State points out, it appears that Riggins did not make a proper objection to the admission of this evidence. But it is also true that the prosecutor violated the Alaska Rules of Evidence by asking Riggins about these prior assaults without making a prior application
 
 *1061
 
 to the court.
 
 [11]
 
 In any event, we conclude that we do not need to consider whether we should review the admission of these incidents under a plain error standard. We have previously concluded that admission of the evidence that Riggins committed prior domestic assaults on Amanda Tressler was error. The State does argue that admission of these prior domestic assaults did not appreciably affect the jury's verdict and therefore, even if the trial court erred in admitting this evidence, that admission of these incidents was harmless. We disagree. Our review of the record convinces us that admission of Riggins's history of prior incidents of domestic violence created a substantial risk that the jury would be prejudiced against Riggins because of his prior record. Under these circumstances, we cannot find that the erroneous admission of this evidence was harmless error.
 

 Conclusion
 

 We conclude that Judge Brown erred in admitting evidence of Riggins's prior assaults on Amanda Tressler. We cannot find that admission of this evidence constituted harmless error. We therefore reverse Riggins's conviction.
 

 REVERSED.
 

 [1]
 

 . AS 11.41.210(a)(1).
 

 [2]
 

 . Alaska Evidence Rule 404(b)(4) states:
 

 In a prosecution for a crime involving domestic violence or of interfering with a report of a crime involving domestic violence, evidence of other crimes involving domestic violence by the defendant against the same or another person or of interfering with a report of a crime involving domestic violence is admissible.
 

 [3]
 

 . 76 P.3d 398 (Alaska App.2003).
 

 [4]
 

 4. Id. at 408.
 

 [5]
 

 . Id. at 409-10.
 

 [6]
 

 . Id. ar 410.
 

 [7]
 

 . Id. at 414-16; ARE. 403.
 

 [8]
 

 . Bingaman, 76 P.3d at 416.
 

 [9]
 

 . Id. at 417 (footnote omitted).
 

 [10]
 

 . Id. at 415-16.
 

 [11]
 

 . See David v. State, 28 P.3d 309, 312 (Alaska App.2001); McBeth v. State, 652 P.2d 120, 125 n. 7 (Alaska App.1982).